Filed 8/23/24  P. v. Ortiz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063169 |
| v. | (Super. Ct. No. 11CF0862) |
| ERIC VASQUEZ ORTIZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

We appointed counsel to represent Eric Vasquez Ortiz on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel advised the court that the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 227, 228.) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and including a concise narration of facts. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231–232.) However, no independent review of the record is compelled. (*Id.* at p. 232.) If no brief or letter is filed, the court may dismiss the appeal without issuing an opinion but should notify the defendant of the dismissal. (*Ibid*.) The court retains discretion to independently review the record in any Penal Code section 1172.6 appeal.[1] (*Ibid*.)

Counsel requested this court exercise its discretion to conduct an independent review, which we have. Counsel provided information about issues she considered to assist the court in conducting a discretionary independent review of the record. (*Anders, supra,* 386 U.S. at pp. 744–745.)

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code, unless otherwise indicated.

Counsel identified three issues: (1) Does the record of conviction establish that Ortiz is ineligible for resentencing as a matter of law because the trial court instructed the jury on an uncharged conspiracy to commit murder? (2) Has Ortiz made a prima facie showing that he is entitled to relief because the trial court instructed the jury with CALCRIM No. 520? (3) Does the petition and record of conviction establish a prima facia case and the trial court should have issued an order to show cause and held an evidentiary hearing?

We gave Ortiz 30 days to file written argument on his own behalf. If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.) Ortiz filed a supplemental brief, and we address his claims anon. We find no error and affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion *People v. Ortiz* (Aug. 27, 2019, G056093) (*Ortiz*).[2] Suffice it to say, the evidence established the following.

Gang members Victor Lagunas and Sergio Cabezas were driving around Santa Ana. Lagunas had a .357 revolver, and Cabezas had a nine-millimeter semi-automatic gun. Lagunas saw Ortiz on the street and told Cabezas to pick him up. The three went driving in rival gang territory "looking for enemies." Cabezas spotted gang member Benjamin Lopez. Cabezas parked the car and the three discussed who was going to get out and

---

[2]       On the court's own motion and for good cause, we take judicial notice of this court's record in case No. G056093. (Evid. Code, §§ 452, subd. (d), 459.)

shoot. Cabezas was worried about his car, so he gave Ortiz his gun and waited as the getaway driver while the other two got out.

Ortiz and Lagunas walked to the corner and opened fire on Lopez. Emmett Adame, who was talking with Lopez, was shot in the back and killed. Ortiz and Lagunas ran back to the car, and Cabezas drove away. Cabezas dropped off Ortiz.

A.P., who was dating Ortiz at the time of the shooting, heard the shooting. She found him about 30 minutes to an hour later. A.P. later told police that Ortiz told her that "he was in a shooting" and "[they] got off."

At his third trial, the jury convicted Ortiz of second degree murder as to count 1 and found the gang allegation true. The jurors found the gun allegation not true. The trial court sentenced Ortiz to a term of 15 years to life for count 1 plus a 10-year gang enhancement. We affirmed in part, reversed in part, and remanded. (*Ortiz, supra*, G056093.) After Welfare and Institutions Code 707, subdivision (a), proceedings, the matter was transferred to criminal court. The trial court sentenced Ortiz to prison for 15 years to life.

Later, Ortiz filed a petition for resentencing pursuant to section 1172.6. The prosecution filed a response. The court found Ortiz statutorily ineligible for resentencing because the jury was not instructed on the felony murder doctrine or the natural and probable consequences doctrine.

DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959.) Under sections 188 and 189, as amended, murder liability can

4

no longer be "imposed on a person who [was] not the actual killer," who "did not act with the intent to kill," and who "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6, which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4, former § 1172.6, subd. (a).) Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, expanded this rule to defendants convicted of murder under any theory in which malice is imputed to any person based solely on that person's participation in a crime. (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Here, the jury instructions establish Ortiz was not convicted under any theory of vicarious liability that is now prohibited. He could not have been convicted under a felony murder theory or the natural and probable consequences doctrine because the trial court did not instruct the jury on these theories. That would normally end our inquiry. But counsel raises two other issues.

The trial court instructed the jury on aiding and abetting and an uncharged conspiracy. As to aiding and abetting, the instruction required the jury find Ortiz "intended to aid and abet the perpetrator in committing the crime" of murder. With respect to the uncharged conspiracy, the instruction required the jury to find Ortiz "intended to agree and did agree with others to commit murder." Under the theory of either direct aiding and abetting or an uncharged conspiracy, the jury was required to find that Ortiz had the specific intent to commit murder in order to convict him.

5

Although CALCRIM No. 520 used the words "natural and probable consequences" in defining implied malice, implied malice and the natural and probable consequences theory are legally distinct concepts. "Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act,' the natural and probable consequences doctrine was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime)."'" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 231–232; *People v. Carr* (2023) 90 Cal.App.5th 136, 144; *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004–1005; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055–1059.) Therefore, the trial court was not required to issue an order to show cause and conduct an evidentiary hearing.

Ortiz asks whether the fact the jury found the firearm enhancement allegation not true makes him eligible for resentencing. It does not. As we explain above, the record established he was convicted on a theory of murder that remains valid notwithstanding SB 1437's amendments to sections 188 and 189. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, disapproved on another ground by *People v. Lewis, supra*, 11 Cal.5th at pp. 961–963.)

Ortiz also asserts the trial court erred by failing to instruct the jury on a lesser charge to second degree murder. Such claims are not properly before us, as a section 1172.6 petition is not a vehicle to relitigate alleged trial errors, and we do not consider them. (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition does not afford petitioner new

6

opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)

We have independently reviewed the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and considered the possible issues raised by appellate counsel. We found no arguable issues on appeal.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

7